## GEARHART v THE COLUMBUS RY. POWER & LIGHT CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2930. Decided April 7, 1939

Crabbe, Garek & Sillman, Columbus, for plaintiff-appellee.

Henderson, Burr, Randall & Porter, Columbus, and Lawrence D. Stanley, Columbus, for defendant-appellant.

## OPINION

By GEIGER, J.

This matter had its inception in the court below in an action wherein the plaintiff claimed damages for injuries alleged to have been suffered by him through the negligent operation by the defendant of a street car on East Fifth Avenue in the City of Columbus. At the conclusion of all the evidence the defendant moved the court to direct a verdict in its favor on the ground that the plaintiff has shown no right to recover against the defendant. The Court considered this motion at length, expressing his view in his charge to the jury and at the conclusion of his analysis of the testimony and the law, stated:

"In the light of that duty we reach this conclusion and there is no other thing for the court to do but to direct you to return a verdict for the defendant."

This was done and the jury dismissed. Thereupon the plaintiff filed a motion for a new trial upon the usual grounds. The court on considering this motion for a new trial sustained the same. One of the grounds for the motion was that the court erred in sustaining defendant's motion for a directed verdict at the close of all the evidence. The entry was in part as follows:

"**This cause came on for hearing upon the motion of the plaintiff for an order granting new trial in the above cause and upon consideration thereof the court finds said motion is well taken and should be sustained.**

"It is therefore ordered and adjudged that the plaintiff's motion for a new trial be and the same is hereby sustained and a new trial is hereby ordered. To which finding and judgment the defendant excepts."

Thereupon, within the proper time the defendant filed its notice of appeal as follows:

"The defendant, The Columbus Railway, Power & Light Company, hereby gives notice of appeal to the Court of Appeals of Franklin County, Ohio, from the order sustaining plaintiff's motion for a new trial, after having directed a verdict for the defendant at the conclusion of all the evidence."

The state of the record presents a novel situation. At the conclusion of all the evidence the defendant moved for a directed verdict, which motion was granted and the directed verdict returned. Thereupon the plaintiff moved for a new trial and the court on reconsideration of his opinion, rendered at the time he directed a verdict, reversed his former position and granted the motion for a new trial and from this order the defendant appeals.

The question is whether or not the defendant has any right to appeal and whether or not this court has authority to consider the appeal. This court in a recent case, **State of Ohio v Wright, 59 Oh Ap 191,** held that under the amendment to §12223-2, effective August 23, 1937, an order setting aside a verdict and ordering a new trial

was a final order and appealable. Within the last few days (March 22nd, 1939), the Supreme Court reversed this court on the ground that the amendment in question was unconstitutional. State v Wright, 135 Oh St 187; Hoffman v Knollman, 135 Oh St 170 (Both cases reported Bar Report March 27, 1939).

This court in the Wright case, page 198 stated:

"The courts in Ohio have frequently held that an order of the court granting or overruling a motion to set aside a verdict of a jury and granting a new trial is not a final judgment or order for the reversal of which error can be prosecuted before the final disposition of the case. The court, however, has always stated that this may be done if abuse of discretion is clearly shown."

"While the trial court's ruling is subject to review on error the same will not be disturbed unless the abuse of discretion affirmatively appears." Cases cited.

This court in that case held:

"that to constitute an abuse of discretion it must appear that the judgment of the court is not justified and is clearly against reason and evidence and is not merely error of judgment but a discretion exercised to an end or purpose not justified and plainly appearing to effect an injustice."

We find nothing in this case upon which to reach the conclusion that the court abused its discretion.

The notice of appeal is from the order of the court granting the motion for a new trial "after having directed a verdict for the defendant at the conclusion of all the evidence". Had the court overruled the motion for directed verdict the defendant would have had the right to appeal even though the motion for a new trial filed by the plaintiff had been sustained.

The instant case presents the reverse of the question decided in Michigan-Ohio-Indiana Coal Assn. v Nigh, Admr, 131 Oh St 405, and in Hubbuch v Springfield (city), 131 Oh St 413. In both of these cases the defendant filed a motion for a directed verdict which was overruled and later filed a motion for a new trial which was sustained, whereas in the case at bar the motion of the defendant for a directed verdict was sustained and the motion of the plaintiff for a new trial was also sustained. The Court in the Coal case, supra, held that the

"fact that a party elected to and was successful in obtaining a new trial does not deprive him of the right to ask for final judgment upon his motion for a directed verdict."

The question here presented is, does the fact that the defendant was successful in securing a directed verdict and the plaintiff was successful in obtaining a new trial deprive the defendant of the right of appeal from the order of the court granting a motion for a new trial? The defendant was successful in obtaining a directed verdict, but that never ripened into a judgment for the reason that the court granted a new trial.

The assignment of errors in the instant case is,

(1) After having directed a verdict in favor of the appellant at the conclusion of all the evidence, the court erred in reversing itself in granting a new trial.

(2) The court erred in refusing and failing to enter judgment upon the verdict in favor of the appellant.

(3) The appellant was entitled to judgment as a matter of law upon the pleadings and the evidence

We have no difficulty in finding against assignment No. 1.

Assignments Nos. 2 and 3 present more difficulty. As above stated, if the court had overruled the motion for a directed verdict the defendant would have had a right to appeal under the Nigh and Hubbuch cases above cited, but the court did not refuse to sustain the plaintiff's motion but did in fact sustain it and the error assigned is that the court erred in refusing to enter the judgment upon the verdict. In the assignment it is asserted that the court erred in refusing to carry the verdict into a judgment. Error is assigned not upon a judgment rendered but upon refusal to render judgment. It may be asserted that the refusal of the court to render judgment upon the directed verdict is tantamount to overruling the motion for a directed verdict and that the defendant has now the same right to appeal that it would have had had the court overruled its motion for a directed verdict, and that the defendant is therefore within the rule announced in the Coal Association case. We do not so understand the situation. There was no final order in reference to the directed verdict and there is no order of the court upon which the appeal of the defendant may be based.

The defendant prevailed upon his motion for a directed verdict and the plaintiff prevailed upon his motion for a new trial and

we see no distinction between the case as it now stands and as it would have stood had the appeal been simply from an order of the court granting a new trial. The Supreme Court in the Hoffman case and Wright case, supra, having held that the amendment of the statute, making the sustaining of a motion for a new trial a final order, is unconstitutional, and there being no showing of abuse of discretion in granting the motion for a new trial, there is nothing left upon which an appeal may be based.

. In the case of Hoffman v Knollman the second syllabus states,

· "An order of a trial court setting aside a general verdict of a jury and granting a new trial is not a final determination of the rights of the parties and is not, therefore, a judgment or final order reviewable by the Court of Appeals, unless it clearly appears that the trial court has abused its discretion in granting such order."

The Court speaking through Hart, J., announcing the decision states, p. 184:

"The general verdict of the jury, as well as the granting of a motion for new trial, are merely interlocutory steps in the progress of the trial toward finality and judgment, but up to that point in the trial there is neither a judgment nor final order."

And further on the same page:

"It will be observed that in each of the cases held to be reviewable in the Court of Appeals, either a judgment was awarded or denied to one of the parties by the trial court, constituting a judgment or final order which furnished the basis for the review."

The Judge states on page 185.

"Denying a new motion of a party for final judgment accompanied by the allowance or denial of motion for new trial constitutes a final order as illustrated in the following cases."

On page 186 he states:

"and. where, at the close of plaintiff's case, defendant's motion for directed verdict was sustained and judgment entered for defendant, followed by plaintiff's motion for new trial being allowed and the judgment being set aside, there was a final order Durbin v Humphrey Co., 133 Oh St 367."

The case cited is so replete with authorities that any citations by us would be without value.

However, there are several cases that seem to approach quite closely to the conclusion differing from that at which we have arrived. In the case of **Durbin v Humphrey Co., 133 Oh St 367**, Judge Day in delivering the opinion of the Court on page 368 makes this statement:

"The sustaining of appellee's (Plaintiff below) motion for a new trial, after setting aside a judgment rendered in favor of appellant (Defendant below) upon its motion for a directed verdict, took away appellant's right to have final judgment entered in its favor, and is a final order from which appeal may be prosecuted."

It will be noted that there is the statement, "after setting aside a judgment rendered in favor of appellant." In the case at bar there was no such judgment rendered and we would be satisfied with this distinction were it not for the case of **Baking Company v Middleton, 118 Oh St 106**. The announcement of the Court which gives us some concern is found on page 117,

"While, strictly speaking, no judgment was entered on the court's decision on the motions, its refusal to formally enter its judgment on the motions in accordance with its announcement after their submission, and its dismissal of the case, terminated that action against the defendants and **prevented a judgment in their favor.**"

In this observation the court seems to take the position that where the trial court announced a favorable conclusion for the defendant, but failed to carry it into judgment. that the action was terminated as against the defendants and "prevented a judgment in their favor".

The situation in the case at bar is that the court announced its decision in favor of the defendant by directing a verdict, but in substance, refused to enter its judgment in accordance with its announcement by granting to the plaintiff a motion for new trial. Was this action of the court a final order in that it prevented a judgment in favor of the defendant on the directed verdict?

It is difficult to reconcile the decisions over a long course of years to the effect that the granting of a motion for new trial is not a final order which may be reviewed, with the many decisions, which hold that a refusal to sustain the defendant's motion for

a directed verdict or to enter judgment in favor of defendant is a final order which may be reviewed. It occurs to us that these two positions are irreconcilable and if the latter is correct that it would follow that the granting of a motion for new trial would certainly prevent a judgment in favor of one of the parties and is likewise a final order which should be reviewable, even without the amendment of the statute making it such, which is now condemned as unconstitutional. We have hopes that at some future time the court may have occasion to review its former position in holding that the granting of a motion for new trial is not a final order subject to review.

Taking the view that we now do, we arrive at the conclusion that the plaintiff had no right of appeal from the order of the court below granting a motion for new trial and that this court has no right to consider such appeal.

We are conscious that we have decided this case upon a point not considered in the briefs of counsel and we, therefore, invite an application for rehearing in which both parties may have an opportunity to present their respective views on this question. Appeal dismissed. Cause remanded.

HORNBECK, PJ. & BARNES, J, concur.